13 Cal.Rptr. 50]

[Crim. No. 3102.   Third Dist.   May 9, 1961.]

THE PEOPLE, Respondent, v. JUNIOR DALE COOMER
et al., Appellants.

Daniel J. Curtin, Jr., under appointment by the District Court of Appeal, for Appellants.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—By information, defendants were charged with willfully and unlawfully entering a warehouse in the city of Marysville with the intent to commit theft (Penal Code, § 459). They have appealed from the judgment of conviction, which was entered pursuant to the verdict of the jury finding them guilty of burglary in the second degree. At defendants' request, counsel was appointed to assist them on appeal. Counsel so appointed has filed a statement with the court wherein he exhaustively discussed the entire record. Our independent research compels concurrence with the conclusion of counsel that the appeals are without merit.

A summary of the evidence shows that on the morning of January 9, 1960, at about 1 a. m., as Officers Bae and Etchegoin of the Marysville Police Department were driving past a produce warehouse of the Bert McDowell Company, they noticed that the night light was off in the office of that building. After stopping their vehicle and while watching the entrance, they saw a man walk up the loading ramp and enter the door. The light went on in the office for a few seconds and was immediately turned off. They then saw three men run out of the entrance and disappear between two trucks parked next to the loading ramp. The officers left their vehicle and proceeded to the loading ramp where they noticed an automobile parked between the two trucks. The occupants started the engine and attempted to escape. One of the officers called for them to stop and upon their failure to do so, fired into the car. The car halted and the three defendants emerged. None of them were armed. Upon searching the automobile the officers found a tire wrench, which was identified at the trial as the instrument used to force the lock on the warehouse door. They also found two business machines (a comptometer and an adding machine) which, although not introduced into evidence, were identified as being the property of the Bert McDowell Company.

The defendants testified in their own behalf and each denied that he entered the warehouse or removed any property therefrom. Each stated that they stopped between the trucks so that one Jerry Creedon could alight from the vehicle. Creedon

was not produced as a witness at the trial, nor was he clearly identified. It was defendants' concerted story that Creedon told them he found something and put it in the trunk; that when they got out to investigate they saw that he entered the warehouse; that they went up to the door and requested he leave; and that upon his failure to do so and wishing to avoid trouble, they ran back to the car and attempted to remove themselves from the area.

The evidence as summarized was amply sufficient to support the judgment. The record further shows that the jury was fully and fairly instructed on all material issues.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.